# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.                Case No. 16-CR-101

**LARAE JUHAY**
   **Defendant.**

## STATEMENT OF REASON MEMORANDUM

Defendant Larae Juhay pleaded guilty to theft of government benefits, 18 U.S.C. § 641, based on her improper receipt of about $100,000 in Supplemental Security Income ("SSI") payments, and I set the case for sentencing. In imposing sentence, the district court must first determine the defendant's imprisonment range under the guidelines, then make an individualized assessment of the appropriate sentence based on the factors set forth in 18 U.S.C. § 3553(a). E.g., United States v. Kappes, 782 F.3d 828, 837 (7th Cir. 2015).

## I. GUIDELINE CALCULATION

Defendant's pre-sentence report ("PSR") set a base offense level of 6, U.S.S.G. § 2B1.1(a)(2), added 8 levels based on the loss amount, U.S.S.G. § 2B1.1(b)(1)(E), then subtracted 2 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 12. The PSR further determined that defendant fell in criminal history category of I, producing an imprisonment range of 10-16 months. I adopted these calculations without objection.

## II. SECTION 3553(a)

**A. Sentencing Factors**

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the [advisory sentencing guideline range;]

(5) any pertinent policy statement . . . issued by the Sentencing Commission[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The court must, after considering these factors, impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant. Id. This so-called "parsimony provision" serves as the "overarching" command of the statute, see Kimbrough v. United States, 552 U.S. 85, 101 (2007), and the judge's explanation of the sentence must be consistent with its meaning, see United States v. Pennington, 667 F.3d 953, 957 (7th Cir. Cir. 2012).

**B.     Analysis**

   **1.     The Offense**

SSI is a social welfare program funded out of general taxpayer revenues designed to provide assistance to needy, disabled people.  In order to qualify, the person must be unable to work due to her medically determinable impairments, and she must satisfy a means test. See Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999).

Defendant Juhay received SSI payments from November 1992 until January 2015 based on epilepsy.  On July 6, 2001, she married but failed to report the marriage to the Social Security Administration ("SSA"), so the agency was unaware of her husband's income , which made defendant ineligible for SSI payments beginning in August 2001.  During reviews by the SSA, defendant indicated that she was not married, that her husband was a non-relative living with her, and that she had a monthly loan agreement to pay him back for household expenses. Further, for a period of time from about mid-2013 to 2015, defendant worked and earned income, which she did not report to the SSA.  Eventually, during a January 2015 review, defendant disclosed her and her husband's income. From August 2001 through January 2015, defendant received $90,712.61 in SSI payments to which she was not entitled.  She also received additional SSI benefits in the form of monthly payments from the State of Wisconsin in the amount of $13,572.36, for a total of $104,284.97.

   **2.     The Defendant**

As discussed in the PSR and the defense sentencing memorandum, defendant's background was significant for physical abuse she experienced as a child, as a result of which she developed epilepsy. She married in 1991, divorcing in 1996 due to her husband's

3

abusiveness. That marriage produced two children, now ages 23 and 21. She re-married in 2001, and they have two children, ages 17 and 12. Her current husband remained supportive, indicating she was a good mother. The court also received letters indicating defendant was a positive influence on other children in the neighborhood.

Defendant had ongoing medical issues, taking medication for epilepsy. She did not appear to have substance abuse problems or other correctional treatment needs. At age 47, her prior record was limited to a 1998 retail theft case.

### 3.     **The Sentence**

Defendant, stressing her limited prior record, the collateral consequences of a felony conviction, and the substantial restitution obligation to which she committed as part of her plea agreement, recommended a sentence of probation. The government, stressing the seriousness of the offense, the impact of such fraud on social welfare programs, and the need to provide general deterrence, recommended a sentence of 8 months' imprisonment.[1] While the government made a powerful argument, under all the circumstances, and in light of the parsimony provision, I found a sentence served in the community sufficient to satisfy the purposes of sentencing.

The offense was serious in that defendant took advantage of a government program designed to help needy, disabled people, and did so for an extended period of time. Such fraud not only drains resources but also breeds cynicism about the merits of social welfare programs. Further, as the government correctly noted, such programs depend on the honesty

---

[1] As indicated above, the guidelines recommended 10-16 months' imprisonment. This range falls in Zone C on the Grid, permitting a split sentence of ½ prison and ½ home or community confinement. U.S.S.G. § 5C1.1(d).

4

of applicants, as the agency lacks the resources to review every file each year.  I did take into account that defendant eventually disclosed her marriage, during a January 2015 phone interview; the absence of any evidence that she engaged in this conduct in order to finance a lavish lifestyle; and the undisputed seriousness of her medical condition.

In considering the need for deterrence and public protection, I noted that defendant had virtually no prior record and an otherwise positive background.  I did not see her posing a threat to the public and found that an extended period of probation would suffice to deter her from re-offending.  She was, essentially, a first time offender who committed a non-violent offense.  I further found that the prospect of a federal prosecution, felony conviction, and lengthy period of monitoring by a United States Probation Officer could suffice to deter others.

Finally, I noted that a probationary sentence would facilitate the payment of restitution and permit defendant to continue caring for her minor children.[2]  In addition to requiring restitution of $104,284.97, I imposed a community service condition, further requiring defendant to give back to the community from which she had taken.

### III.  CONCLUSION

For these reasons, I placed defendant on probation for 5 years, imposing the maximum term given the size of the restitution obligation and the nature of the offense.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2017

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2]I was also able to impose a longer period of probation than of supervised release after prison.  Compare 18 U.S.C. § 18 U.S.C. § 3561(c)(1) (permitting probation of up to 5 years for a felony), with 18 U.S.C. § 3583(b) (capping supervised release at 3 years for Class C felony).

5